INHABITANTS OF FRANKLIN *vs.* GEORGE N. FULLER.

On the trial of an action upon the Gen. Sts. c. 70, § 20, evidence that the pauper was receiving aid as such from the Commonwealth at the time of his removal into the plaintiff town is not competent to prove that he did not have a settlement in that town.

TORT on the Gen. Sts. *c.* 70, § 20,* for bringing Betsey Scott into the town of Franklin. Trial in the superior court, before *Reed*, J., who directed a verdict for the defendant and reported the case which is stated in the opinion.

*R. T. Lombard*, for the plaintiffs.

*W. Colburn*, for the defendant.

MORTON, J. To maintain this action. the burden is upon the plaintiffs to show that Betsey Scott was a pauper; that she was not lawfully settled in Franklin; and that the defendant brought her into the town with the intent wrongfully to charge such town with her relief or support. Gen. Sts. *c.* 70, § 20. *Sturbridge* v. *Winslow*, 21 Pick. 83.

The plaintiffs introduced evidence tending to show that at the time of her removal into Franklin she was a pauper receiving aid as such from the state. It is not claimed that there is any other evidence than this, to show that her settlement was not in Franklin. The fact that she was receiving aid from the state, or from any town or individual, was competent to show that she was a

———

* "Whoever brings into and leaves any poor and indigent person in any place in this state, wherein such pauper is not lawfully settled, knowing him to be poor and indigent, and with intent to charge such place with his relief or support, shall forfeit a sum not exceeding one hundred dollars for each offence, to be recovered in an action of tort to the use of such place."

pauper. It showed her condition of poverty and need of relief. But the evidence introduced was not competent against the defendant to show that her settlement was not in Franklin. It is undoubtedly the design of the laws, that no pauper shall be permanently supported or relieved by the state, who has a legal settlement in any town in the Commonwealth. The statute provides that the several cities and towns may send to the state almshouses "all paupers who may fall into distress therein, not having a settlement within the Commonwealth." Gen. Sts. *c.* 71, § 36. And provision is made in certain exceptional cases, for the support of persons who are supposed to be chargeable to the state, out of the state almshouses. Gen. Sts. *c.* 71, § 46. St. 1865, *c.* 162. The necessary practical construction of the thirty-sixth section, above cited, is that paupers may be sent to the state almshouses who have no settlement in the Commonwealth known to the town authorities or the state pauper authorities. Accordingly we find it is provided that if the state authorities discover afterwards that the pauper has a legal settlement in any town within the state, such town shall be liable to the state for the expenses incurred for him. Gen. Sts. *c.* 71, §§ 41, 49. The utmost effect which can be given to the fact that a pauper receives aid from the state is, that the town and state authorities have decided that he has no settlement in the Commonwealth known to them. Now the act of furnishing aid, and the decision of the authorities which precedes it, are as to this defendant strictly *res inter alios*, and under a well established rule of law not admissible in evidence against him. The same principle would be applicable, as if the same plaintiffs had offered evidence that the pauper had received aid from a neighboring town, claiming that the inference was that she had a settlement in such town. The obvious answer of the defendant would be, that it was a transaction between third persons to which he was not a party, and is not admissible in evidence against him. For the same reason, even a judgment of court, in a suit to which the defendant was not a party, which determined that the settlement of the pauper was in another town, so that she had no settlement in the Commonwealth, would not be admissible against him.

It follows, that there was no competent evidence in the case to show that the settlement of the pauper was not in Franklin. The plaintiffs could not maintain their action without proof of this fact, and therefore the presiding judge rightly directed the jury to return a verdict for the defendant. This view renders it unnecessary to consider the other questions raised in the case.

*Judgment upon the verdict*